```
              UNITED STATES DISTRICT COURT
                 DISTRICT OF MINNESOTA
               Criminal No. 20-171 (DSD/ECW)
```

United States of America,

        Plaintiff,

v.                                                      **ORDER**

Keanu Dewone Ross,

        Defendant.

    This matter is before the court upon the pro se motion by defendant Keanu Ross to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255.[1] Based on a review of the file, record, and proceedings herein, and for the following reasons, the court denies the motion and denies a certificate of appealability.

**BACKGROUND**

    On January 19, 2022, Ross pleaded guilty to three counts of Hobbs Act robbery, in violation of 18 U.S.C. § 1951, and one count of carrying and discharging a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(iii). The parties agreed to a total offense level of 25 and estimated Ross's criminal history category to be IV, which would have resulted in

---

[1] Months after filing his original motion and after the government filed its response, Ross filed two additional motions under § 2255, an amended motion and supplemental motion. Although they are not authorized motions, the court reviewed them and has concluded that they do not change the outcome of this matter.

a guidelines range of 204 to 225 months.  See ECF 112 ¶ 3.  The government also agreed that it would not request a sentence above 204 months.  Id. ¶ 8.  The parties agreed to waive the right to appeal any sentence within the court-determined guidelines range.  Id. ¶ 13.  Ross also agreed to waive his right to file any postconviction motions unless based on ineffective assistance of counsel.  Id.

The presentence investigation report (PSR) determined that Ross's total offense level was 27 rather than 25, and that his criminal history category was V, instead of IV.  ECF No. 130, at 10, 18.  As a result, the guidelines range was 240 to 270 months' imprisonment – above the range contemplated by the parties in the plea agreement.

The court sentenced Ross on July 7, 2022.  At the hearing, the court sustained the parties' objections as to offense level and adopted a total offense level of 25, as set forth in the plea agreement.  Sent. Hr'g Tr. at 5, 13-14.  The court upheld the PSR's determination that Ross was in criminal history category V.  The court therefore determined the applicable guidelines range to be 220 to 245 months, which included a mandatory 120-month consecutive sentence on the firearms count.  The court applied a downward variance and sentenced Ross to a total of 210 months' imprisonment, to be followed by five years' supervised release.  Id. at 15-16.  Ross did not appeal.

On June 27, 2023, Ross timely filed this pro se motion under § 2255, arguing that his counsel was constitutionally ineffective in failing to ensure that his plea was voluntary, knowing, and intelligent. He seems to suggest that his counsel colluded with the government to make him "yield" to the plea agreement. See ECF No. 172, at 1. Ross also contends that his sentence was improper because the firearms statue, 18 U.S.C. § 924(c)(1)(A)(iii), is vague and multiple counts under that statute cannot be stacked, as he believes they were here. See generally id.

## DISCUSSION

**I.  Standard of Review**

Section 2255 provides a federal inmate with a limited opportunity to challenge the constitutionality, legality, or jurisdictional basis of a sentence imposed by the court. This collateral relief is an extraordinary remedy, reserved for violations of constitutional rights that could not have been raised on direct appeal. United States v. Apfel, 97 F.3d 1074, 1076 (8th Cir. 1996). When considering a § 2255 motion, a court may hold an evidentiary hearing. See 28 U.S.C. § 2255(b). A hearing is not required, however, when "(1) the petitioner's allegations, accepted as true, would not entitle the petitioner to relief, or (2) the allegations cannot be accepted as true because they are contradicted

by the record, inherently incredible, or conclusions rather than statements of fact." Sanders v. United States, 341 F.3d 720, 722 (8th Cir. 2003) (citation and internal quotation marks omitted). Here, no hearing is required because the record contradicts Ross's claims.

**II.  Ineffective Assistance of Counsel**

To show that he received ineffective assistance of counsel, Ross must meet both prongs of the test set forth in Strickland v. Washington, 466 U.S. 668, 694 (1984).  See United States v. Williams, 562 F.3d 938, 941 (8th Cir. 2009).  First, he must show that his counsel's performance was so deficient that it was objectively unreasonable.  Strickland, 466 U.S. at 687-88.  Because "[t]here are countless ways to provide effective assistance in any given case" and different attorneys "would not defend a particular client in the same way," the court reviews the performance of defense counsel with significant deference.  Id. at 689.  There is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Id.  Second, Ross must demonstrate prejudice by showing "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different."  Id. at 694.

Ross argues that his counsel was ineffective in failing to ensure that his guilty plea was voluntary, knowing, and intelligent.

4

He seems to contend that he did not receive notice of the "true nature" of the charges. ECF No. 172, at 2. The record belies this argument. As the plea hearing transcript establishes, the government painstakingly went through the charges, the terms of the plea agreement, the factual basis for the charges, and the rights Ross was waiving by pleading guilty. See Plea Hr'g Tr. at 3-33. At no point in the hearing did Ross express confusion or misgivings, nor did he appear to be unclear about the charges against him or the nature of the proceedings. See generally id. Neither did he state or otherwise indicate any discomfort with his counsel's advice or the amount of time he had to consult with counsel before the hearing. Id. The court asked Ross additional questions to ensure that he was pleading guilty voluntarily, knowingly, and intelligently, and was satisfied that Ross was indeed doing so. See id. at 33-37.

Given that the record fully refutes Ross's ineffective assistance of counsel claim, it must be denied.

**III. Stacking**

Ross argues for the first time in this case, that 18 U.S.C. § 924(c) is unconstitutionally vague. See ECF 172, at 4. He seems to also argue that the government hid multiple § 924(c) charges in the Hobbs Act counts, which he believes constitutes impermissible

5

"stacking."[2]  Id.  As an initial matter, this claim is procedurally defaulted, as it was not raised on appeal.  See Murray v. Carrier, 477 U.S. 478, 490-92 (1986) (stating that claim not raised on direct appeal is procedurally defaulted).  Further, Ross has failed to explain the basis for or prejudice caused by the default, which is fatal to his claim.  See Massaro v. United States, 538 U.S. 500, 504 (2003) (holding that "claims not raised at trial or on direct appeal may not be raised on collateral review unless the petitioner shows cause and prejudice").

Even if not defaulted, there is no merit to this claim.  Ross pleaded guilty to three Hobbs Act counts and one count under § 924(c). He was sentenced accordingly and there is no evidence of "stacking" counts, or any other kind of impropriety in his charging, pleading, or sentencing.  Accordingly, this aspect of Ross's claim also fails.

**IV. Certificate of Appealability**

To warrant a certificate of appealability, a defendant must make a "substantial showing of the denial of a constitutional right" as required by 28 U.S.C. § 2253(c)(2).  A "substantial showing" requires a petitioner to establish that "reasonable jurists" would find the court's assessment of the constitutional claims "debatable

---

[2] He also suggests that his counsel was ineffective in failing to inform him of this fact.  Id.  Given that the premise is false, the court will not address the ineffective assistance of counsel aspect of this claim.

or wrong." Slack v. McDaniel, 529 U.S. 473, 483B84 (2000). As discussed, the court is firmly convinced that Ross's claim is baseless, and that reasonable jurists could not differ on the results given the nature of his arguments. A certificate of appealability is not warranted.

## CONCLUSION

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The motion to vacate, set aside, or correct sentence [ECF No. 172] is denied;

2. The amended and supplemental motions [ECF Nos. 180, 181] are denied; and

3. Pursuant to 28 U.S.C. § 2253, the court denies a certificate of appealability.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: October 24, 2023

                                        s/David S. Doty
                                        David S. Doty, Judge
                                        United States District Court